**C. G. CAMPBELL & SON, INC.,**
Appellant,

v.

**COMDEQ CORPORATION, d/b/a Kentucky Food Service Equipment Division, Appellee.**

Court of Appeals of Kentucky.

Aug. 17, 1979.

As Modified Aug. 24, 1979.

William A. Buckaway, Jr., Tilford, Dobbins, Caye & Alexander, Louisville, for appellant.

Martin R. Snyder, Taustine, Post, Berman, Fineman & Kohn, Louisville, for appellee.

Before HOGGE, REYNOLDS and VANCE, JJ.

VANCE, Judge.

The question presented is whether an exception, based upon equitable considerations, should be permitted to the strict enforcement of the requirement of a written document contained in K.R.S. 355.2–201 of the Uniform Commercial Code. It provides as follows:

(1) Except as otherwise provided in this section a contract for the sale of goods for the price of $500.00 or more is not enforceable by way of action or defense unless there is some writing sufficient to indicate that a contract for sale has been made between the parties and signed by the party against whom enforcement is sought  .  .  . .

Appellee submitted an oral telephone bid to appellant, a general contractor, that appellee would furnish items of kitchen equipment for the construction of a school building. The appellant used this bid in calculating his bid price for the overall job and was awarded the contract. After appellant was awarded the contract, appellee discovered that it had overlooked the fact that four refrigeration units were required by the plans and refused to perform the work for the bid price. Appellant instituted suit for the difference between appellee's bid and the actual cost of securing the kitchen installation from another source. Summary judgment was granted to appellee.

There is no dispute as to facts. Appellant asserts that the kitchen installation was a "speciality item," upon which prices would vary greatly, and that by custom of the trade contractors generally accepted last minute oral bids on these items although requiring written bids upon the other subcontracted portions of the job. Appellant contends that equity should intervene to alleviate the harsh effects of Section 2–201, especially when the bidder knew that the contractor would use the bid price in formulating his bid, because inability to enforce performance of the bid offer would cause substantial loss to the contractor through no fault of his own and allow the

oral bidder to escape all consequences of the loss caused by him.

Appellant relies upon *Drennen v. Star Paving Company*, 51 Cal.2d 409, 333 P.2d 757 (1958) which did allow equitable relief in a similar situation. Appellee points out, however, that *Drennen* preceded the adoption of the Uniform Commercial Code, and relies upon the opposite holding reached in *C. R. Fedrick, Inc. v. Borg-Warner Corp.*, 552 F.2d 852 (9th Cir. 1977).

K.R.S. 355.2–201 is not ambiguous. It requires a writing signed by the party to be charged or his agent sufficient to show that a contract was made between the parties. Absent such a writing, there can be no enforcement either by action or defense.

Equitable relief has sometimes been granted to relieve the harsh effects of the Statute of Frauds. *Drennan, supra; Restatement of Contracts* § 90 (1932).

The Uniform Commercial Code contains its own statutory method of alleviation of hardships caused by Section 2–201(1). Section 2–201(2) provides:

> (2) Between merchants if within a reasonable time a writing in confirmation of the contract and sufficient against the sender is received and the party receiving it has reason to know its contents, it satisfies the requirements of subsection (1) against such party unless written notice of objection to its contents is given within ten (10) days after it is received.

Thus a written memorandum of confirmation, not specifically rejected, will satisfy the requirements of Section 2–201(1).

Of course we recognize that the relief provided by 2–201(2) cannot be effective in a case such as this where the oral bid was used and the contract awarded before there was any time to comply with 2–201(2). Nevertheless, the Uniform Commercial Code is a legislative attempt to achieve uniformity of law among the states as to commercial practices, and the limited relief provided by 2–201(2) is as far as the legislature was willing to go. The policy this state shall adopt with respect to commercial practices is properly a legislative concern, and the language of the statute is not ambiguous.

We believe any attempt by the courts to judicially amend this statute which is plain on its face would contravene the separation of powers mandated by the Constitution.

We are not unmindful of the decision of the Supreme Court in *Meade Construction Company, Inc. v. Mansfield Commercial Electric, Inc.*, Ky., 579 S.W.2d 105 (1979). There it was held that a subcontractor who submits a bid for a contract should be bound when it was reasonable to foresee that the bid would be relied upon in the formulation of an overall bid by a contractor.

*Meade, supra,* did not discuss the effect of the Uniform Commercial Code. In *Meade* there was a written verification of the bid subsequent to the oral bid which may have removed the application of the statute of frauds. In any event, there was no discussion in *Meade* as to the effect of Section 2–201(1) of the Uniform Commercial Code nor any indication that the holding would have been the same if KRS 355.-2–201(1) had been applicable. For this reason we feel that *Meade* is distinguishable and not controlling.

Appellant also contends that certain correspondence between the parties was a sufficient memorandum to satisfy Section 2–201. It seems clear, however, that the full import of the correspondence shows a lack of "meeting of the minds" and a denial rather than confirmation of a contract.

The judgment is affirmed.

All concur.