COMMONWEALTH of Kentucky, Appellant,

v.

**Brian Douglas SCHAEFER, Appellee.**

Supreme Court of Kentucky.

Oct. 12, 1982.

Steven L. Beshear, Atty. Gen., Frankfort, Gary E. Siemens, Asst. Com. Atty., Louisville, for appellant.

Frank E. Haddad, Jr., Louisville, for appellee.

O'HARA, Justice.

This appeal comes to us as a result of this court granting a motion to transfer and staying all proceedings until the question presented herein is resolved. This court is not a stranger to this long drawn out controversy (the indictment was returned on July 30, 1977), since it has been before us on two prior occasions. This instant issue as appealed by the Commonwealth is whether the trial court erred in ruling that a tape recording of a conversation between the defendant and a Jefferson County Police detective which was simultaneously monitored by other officers is admissible. The trial court ruled it inadmissible at appellee's initial trial, and has again so held on retrial.[1]

The Commonwealth urges: (1) that warrantless participant monitoring does not violate section 10 of the Kentucky Constitution, (2) that partial inaudibility and profanity of the defendant should not render the tape inadmissible, (3) that the Commonwealth's transcript version of the tape should be submitted to the jury, and (4) that the Commonwealth is not barred by the law of the case doctrine from seeking appellate review of an order of the trial court entered in previous proceedings in December, 1981.

At appellee's initial trial, the tape was excluded on grounds that its admissibility violated section 10 of the Kentucky Constitution (June 8, 1977), and later on grounds that the tape was largely inaudible, contained excessive vulgar language, the speakers could not be properly identified and that much of the tape contained incompetent evidence (July 18, 1978). The Commonwealth perfected an appeal of the June 8, 1977 ruling which it later abandoned. After the trial and conviction of appellee, an appeal was filed by Schaefer claiming, among other things, that the prosecution had violated an order of the trial court by continually mentioning the excluded tape. The Commonwealth then perfected a cross-appeal as to the July 18, 1978 ruling regarding the admissibility of the tape. This, too, was abandoned, and we reversed the conviction on the grounds stated above.

Prior to retrial, the Commonwealth again attempted to have the tape declared admissible, but the trial court again declared (on December 15, 1981) the tape to be inadmissible on virtually the same grounds as its order of July 18, 1978. It is from this ruling that the Commonwealth prosecutes this appeal.

Having reviewed each of the Commonwealth's contentions in light of all the facts, we hold that the "law of the case" doctrine is applicable and controlling in this matter.

The "law of the case" doctrine is firmly established in this Commonwealth. As early as 1870, we held that the Court of Appeals has no power on a second appeal to correct an error in the original judgment which either was, or might have been relied upon in the first appeal. *McAllister's Adm'r. v. Ccmmonwealth,* 4 Ky. Opin. 178 (1870). This doctrine has carried through case law and in *Sowders v. Coleman,* 223 Ky. 633, 4 S.W.2d 731 (1928), we firmly solidified the policy of this doctrine as such:

> The doctrine of "the law of the case" is founded upon the policy that there should be an end to litigation, and cases may not be presented by piecemeal. It is a sound policy, and well developed and understood in this jurisdiction. The doctrine as defined by the decisions, is that one adjudication settles all errors relied upon for a reversal, whether mentioned in the opinion of the court or not, and all errors lurking in the record on the first appeal which might have been, but were not expressly, relied upon as error.

We further held, in *Aetna Oil Co. v. Metcalf,* 300 Ky. 817, 190 S.W.2d 562, 563 (1945) that:

> No rule is more firmly established in this jurisdiction than the one that the opinion on the first appeal becomes the law of the

1. A detailed statement of the facts is contained in this court's opinion found in *Schaefer v. Com-* *monwealth,* Ky., 622 S.W.2d 218 (1981).

case not only as to the errors there relied upon for reversal but also as to errors appearing in the first record that might have been but were not there relied upon for a reversal.

Both of these cases relied on other Kentucky cases too numerous to cite. *See also Marshall v. Merrifield,* Ky., 474 S.W.2d 99.

The Commonwealth had the opportunity to appeal this issue in June, 1977, and then again to cross-appeal in July, 1978. By failing to carry out these opportunities, the Commonwealth has allowed all of the issues presented at the first trial and not presented on the first appeal to become "res judicata" under the doctrine of the "law of the case".

The opinion of the trial court is affirmed and the matter is remanded to the jurisdiction of the Jefferson Circuit Court for further disposition.

All concur.