**Michael RENFROE and Paula Renfroe, Appellants,**

v.

**Paul LADD and Evelyn Ladd, Appellees.**

Court of Appeals of Kentucky.

Dec. 20, 1985.

Jerry Anderson, Lexington, for appellants.

Stephen L. Barker, Lexington, for appellees.

Before CLAYTON, McDONALD and DUNN, JJ.

DUNN, Judge.

Appellants, the Renfroes, appeal from the summary judgment of the Fayette Circuit Court in favor of the appellees, the Ladds, in the Renfroes suit against the Ladds to enforce an alleged contract between the Renfroes and the Ladds to transfer to the Renfroes 50% of the issued stock of Pinkston's Turf Goods, Inc., 100% of the stock which is owned by the Ladds. Alternatively the Renfroes sought damages. We affirm.

We find no need to burden this opinion with facts not germane to the limited issues before us. All of the facts are well known to counsel and their clients and only

those necessary to the appeal scenario are related.

Appellees Ladds are appellant Paula Renfroe's parents. They are owners of Pinkston Turf Goods, Inc., holding 100% of its stock. Appellant Michael Renfroe left employment with Pinkston's and started a competitive business. He alleges that later on upon being approached by Paul Ladd, he returned to Pinkston's employment at a $50,000.00 salary pursuant to a verbal agreement with Ladd which·included sale of the Ladd's Pinkston stock to Renfroe. Later the agreement was verbally amended adding a bonus of 10% of sales to the salary and reducing the percentage of stock to be transferred to 50% rather than 100%.

The Ladds among other defenses set up the statute of frauds as embodied in KRS 355.9–319 for failure of a writing signed by the Ladds to substantiate the alleged verbal agreement. Renfroe relies on equitable estoppel in reply to the statute of frauds defense.

Appellants raise the following issues on appeal: 1) whether the statute of frauds as set out in KRS 355.8–319 is applicable and, if so, is the defense of equitable estoppel available against it, and, 2) are there any genuine issues of fact concerning that issue and, if not, are Ladds entitled to judgment as a matter of law.

The statute in question is:

355.8–319. Statute of frauds. (1) A *contract for the sale of securities is not enforceable* by way of action or defense unless

(a) *there is some writing signed by the party against whom enforcement is sought* or by his authorized agent or broker sufficient to indicate that a contract has been made *for sale of a stated quantity of described securities at a defined or stated price;* or

(b) delivery of the security has been accepted or payment has been made but the contract is enforceable under this provision only to the extent of such delivery or payment; or

(c) within a reasonable time a writing in confirmation of the sale or purchase and sufficient against the sender under paragraph (a) has been received by the party against whom enforcement is sought and he has failed to send written objection to its contents within ten (10) days after its receipt; or

(d) the party against whom enforcement is sought *admits* in his pleading, testimony or otherwise in court that a *contract was made for sale of a stated quantity of described securities at a defined or stated price.*

(Emphasis added).

■ Obviously the statute is applicable and the agreement in question is not enforceable since it is not in writing and none of the exceptions under paragraphs (1)(a), (b), (c) or (d) are supported by the evidence. We particularly note with respect to (d) that the Ladds did not admit in their pleadings, testimony or otherwise in court that a contract was made for sale of a stated amount of Pinkston stock at a defined or stated price.

■ Appellants' interposition of equitable estoppel as a bulwark against the statute of frauds is of no avail. The case of *C.G. Campbell & Son, Inc. v. Comdeq Corp.*, Ky.App., 586 S.W.2d 40 (1979) in dealing with an equitable estoppel argument concerning KRS 355.2–201, our statute of frauds relating to the sale of goods for $500.00 or more, held that such may not be applied to avoid the statute's requirements. In refusing to apply equitable considerations that court reasoned as follows:

... (T)he Uniform Commercial Code is a legislative attempt to achieve uniformity of law among the states as to commercial practices, and the limited relief provided by 2–201(2) is as far as the legislature was willing to go. The policy this state shall adopt with respect to commercial practices is properly a legislative concern, and the language of the statute is not ambiguous.

We believe any attempt by the courts to judicially amend this statute which is plain on its face would contravene the

separation of powers mandated by the Constitution. *Id.* at 41.

It follows that equitable estoppel considerations are likewise not applicable to KRS 355.8–319, our statute of frauds relating to securities such as here.

Our review of the record reveals no issue of material fact concerning the statute of frauds issue before us and obviously the Ladds were entitled to judgment as a matter of law.

The judgment of the Fayette Circuit Court is AFFIRMED and pursuant to 2(a) of the Order Designating the case as a Special Appeal, the application of CR 76.20 and CR 76.32, as well as other appropriate rules of civil procedure for further appellate steps, are reinstated effective the date of this opinion.

All concur.