William O. HOGAN, Appellant/Cross–
Appellee,

v.

John L. LONG, Appellee/Cross–Appellant.

Nos. 94–SC–500–DG, 94–SC–969–DG.

Supreme Court of Kentucky.

Nov. 22, 1995.

Rehearing Denied June 20, 1996.

Kenneth L. Anderson, Elizabeth U. Mendel, Denise Glaser Malloy, Christy L. Hendricks, Woodward, Hobson & Fulton, Louisville, for appellant/cross-appellee.

Charles J. Cronan, IV, Stites & Harbison, Kenneth S. Handmaker, Middleton & Reutlinger, Louisville, for appellee/cross-appellant.

## OPINION OF THE COURT

This is an appeal from a decision of the Court of Appeals reversing the judgment of the trial court regarding the application of the Statute of Frauds to oral agreements calling for transfer of corporate stock.

The Appellee, John L. Long ("Long"), is the sole stockholder of Louisville Memorial Gardens, Inc. ("LMG"), a Kentucky Corporation which was the holding company that

owned all of the stock in two other corporations, one in Kentucky and one in Tennessee. All three corporations were engaged in the cemetery business in Kentucky and Tennessee.

Appellant, William D. Hogan ("Hogan"), who was general manager and a long time employee of the companies, filed an action in Jefferson Circuit Court alleging that Long breached two oral contracts. In one oral contract, Long agreed to transfer fifty percent of the companies in consideration for Hogan increasing the Tennessee corporation's sales to one million dollars within a twelve month period and in a second agreement Long again agreed to transfer fifty percent of the companies in consideration for Hogan retaining the sales manager on the job until Long could sell that company. Hogan claimed to have fully performed his part of both agreements by achieving the million dollar sales goal and making the necessary arrangements to retain the sales manager. When Long refused to transfer him fifty percent of the companies, Hogan sought enforcement of the agreements. Long denies the existence of the agreements.

The trial court initially entered summary judgment in favor of Long. Hogan appealed.

The Court of Appeals, in a unanimous opinion rendered May 27, 1988 ("1988 Opinion"), discussed KRS 355.8–319 and KRS 371.010(7) and the applicability of *Smith v. Baker,* Ky.App., 715 S.W.2d 890 (1986) and *Renfroe v. Ladd,* Ky.App., 701 S.W.2d 148 (1985) which state that oral contracts for the sale of stock are unenforceable. However, the opinion addressed two ways this agreement may be excluded from the purview of the Statute of Frauds. The first exception to the statutory rule is where the suing party has fully and completely performed his side of the bargain, in which case suit may be maintained on the oral contract. The other exception addressed would be if the jury found the transfer to be one of assets instead of stock.

The 1988 Opinion held that there were genuine issues of fact as to the existence of the alleged agreements and as to Hogan's performance pursuant to the agreements. The opinion specifically held that neither KRS 355.8–319 nor KRS 371.070(7) would render the parties' agreements unenforceable if a jury subsequently found as fact that the agreements existed and that Hogan had fully performed his part of the bargain. The Court of Appeals reversed the trial court's dismissal of Hogan's claim and remanded the matter for trial on the merits as to the issues of liability and damages.

Long's Petition for Rehearing, asserting that the Statute of Frauds and cited cases barred Hogan's claim, was rejected by the same panel. Discretionary review was not sought.

Upon remand, the case was bifurcated and trial of the liability issues was held in November, 1989.

The trial court, following the dictates of the 1988 Opinion, submitted the case to the jury under instructions to determine whether oral contracts existed to transfer a fifty percent interest in the corporations in return for performance of certain services, whether those services were fully performed, and whether or not the transfer of ownership was to be accomplished by a transfer of fifty percent of the stock. The jury found that two contracts existed between the parties and that Hogan had fully performed his part of both contracts. Under a submitted interrogatory, the jury found the transaction to be a stock transfer. Thus all factual issues relating to liability were resolved in favor of Hogan by the jury.

The trial on the issue of damages was held in May, 1991. The jury was instructed to determine the value of the stock of each of the three cemetery corporations and then determine the value of fifty percent of the three corporations. After a lengthy trial, the jury established the total value at $3,950,-000.00 and awarded Hogan $1,950,000.00 constituting fifty percent of that value. Judgment was entered on the verdict with the statutory rate of 12% post-judgment interest. The trial court denied the motions filed by Long to alter or amend the court's judgment, for a judgment notwithstanding the verdict, or alternatively, for a new trial. Long appealed. On April 1, 1994, a divided Court of Appeals rendered an opinion ("1994 Opin-

ion") reversing the judgment of the trial court with instructions to dismiss Hogan's claim. Hogan sought and was granted discretionary review.

The principal issue raised on this appeal is whether the 1994 opinion diverges from the "law of the case" established in the 1988 Opinion.

■ The 1994 Opinion was a complete reversal of the 1988 Opinion which held that Hogan's claim would not be barred by the Statute of Frauds applicable to the sale of securities if, at a subsequent trial, it was determined that Hogan had fully performed his part of the bargain. The 1994 Opinion ignored the fact that on remand, the trial court obeyed the direction of the Court of Appeals set out in the 1988 Opinion and held jury trials on the issues of liability and damages. The 1994 Opinion, revisiting the issue of the Statute of Frauds, held that Hogan's claim was barred by the Statute of Frauds and directed the trial court to dismiss his claim.

The 1988 Opinion established the law of this case respecting the issue as to whether the Statute of Frauds barred Hogan's claim. The opinion held that full performance by the suing party takes an oral contract out of the Statute of Frauds and ordered a trial on the issues. Although the jury found the transfer to be a stock transfer, it also found that agreements had been made and that Hogan had fully performed his part of the agreements thereby coming within the exception set out in the 1988 Opinion. That finding resolved the factual issues regarding liability and should not have been revisited by the Court of Appeals in the 1994 Opinion.

In *Commonwealth v. Schaefer*, Ky., 639 S.W.2d 776 (1982) the Court defined the "law of the case" doctrine:

[T]he Court of Appeals has no power on a second appeal to correct an error in the original judgment which either was, or might have been relied upon in the first appeal. *Id.* at 777.

The *Schaefer* court cited to the decision in *Aetna Oil Co. v. Metcalf*, 300 Ky. 817, 190 S.W.2d 562 (1945) which stated:

No rule is more firmly established in this jurisdiction than the one that the opinion on the first appeal becomes the law of the case not only as to the errors there relied upon for reversal but also as to errors appearing in the first record that might have been but were not there relied upon for a reversal. *Id.* at 563–64.

In *Williamson v. Commonwealth*, Ky., 767 S.W.2d 323 (1989), this Court held that the law of the case governs a second appeal and, quoting from *Martin v. Frasure*, Ky., 352 S.W.2d 817 (1961), stated that a final decision, whether right or wrong, is the law of the case and is conclusive of the questions therein resolved and is binding upon the parties, the trial court, and the Court of Appeals.

Upon examination of the voluminous record in this case, we are convinced that the issue presented in the 1994 appeal with reference to the applicability of the Statute of Frauds was the same issue litigated and finally settled by the 1988 Court of Appeals' Opinion. It is worthy of emphatic repetition, however, that this Court has not decided the substantive principles of law involved here. As such, this opinion should not be construed as an embrace of the view of the Court of Appeals in its 1988 opinion with respect to the relevant statutes of fraud, KRS 355.8–319 and KRS 371.010(7).

■ As to Long's argument that he was entitled to a directed verdict in both trials, the trial court ruled that there was sufficient evidence in the liability phase with reference to a meeting of the minds and adequate consideration to submit the case to the jury. We will not disturb that ruling. In the damage phase, the trial court concluded that there were different methods of determining the value of stock and ruled that there was more than adequate evidence for the case to go to the jury as to the value of the stock of the three cemetery corporations. We agree. The verdicts in both trials were not so palpably or flagrantly against the evidence as to indicate that they were reached as a result of passion and prejudice. *Lewis v. Bledsoe Surface Mining Co.*, Ky., 798 S.W.2d 459, 462 (1990) (quoting *NCAA v. Hornung*, Ky., 754 S.W.2d 855 (1988)).

Long's objection to the testimony of Harry Arneson as an expert in the damages trial is without merit. The trial court ruled that Arneson's testimony had some probative value and it was up to the jury to pass upon its weight and credibility. The decision as to the qualification of a witness as an expert rests with the discretion of the trial court. *Ingersoll–Rand Co. v. Rice*, Ky.App., 775 S.W.2d 924 (1988). The trial court did not abuse its discretion with reference to Arneson's qualifications or admission of his testimony as to his valuation of the companies' stock.

We also find no merit in Long's remaining contentions or Hogan's cross-appeal. The trial court correctly ruled that a fifty percent interest is not like a minority interest that is subject to control of the majority. In a fifty-fifty split, neither side is dominant, but both have an equal voice in the business affairs. Thus, a minority discount would not be appropriate in this case. The trial court did not abuse its discretion in ruling that the jury could consider the consulting and non-competition agreement because it was relevant in determining whether it was a part of the overall sales price of the sale of the Tennessee cemetery.

Long's objection to Hogan's seeking the alternate remedy of damages in lieu of specific performance is also without merit. The measure of damages for breach of contract is "that sum which will put the injured party into the same position he would have been in had the contract been performed". *Perkins Motors, Inc. v. Autotruck Federal Credit Union*, Ky.App., 607 S.W.2d 429, 430 (1980). Hogan had the right to seek damages in lieu of seeking specific performance of fifty percent of the stock. The trial court did not abuse its discretion in permitting him to elect to collect damages.

The awarding of pre-judgment interest and post-judgment interest lies within the sound discretion of the trial court and we find no reason to disturb those rulings. Accordingly, the cross-appeal of Hogan concerning pre-judgment interest is without merit, as is the awarding of 12% post-judgment interest to Long.

For reasons stated herein, the decision of the Court of Appeals is reversed and the case remanded to the Jefferson Circuit Court with directions to reinstate the judgments.

STEPHENS, C.J., FUQUA, LAMBERT, REYNOLDS, STUMBO and WINTERSHEIMER, JJ., and JAMES LEVIN, Special Justice, sitting.

All concur.

LEIBSON, J., not sitting.