**RELIABLE MECHANICAL, INC. and Liberty Mutual Insurance Company, Appellants**

v.

**NAYLOR INDUSTRIAL SERVICES, INC., Appellee.**

No. 2002–CA–000321–MR.

Court of Appeals of Kentucky.

Feb. 28, 2003.

Discretionary Review Denied by Supreme Court Feb. 11, 2004.

Case Ordered Published by Supreme Court Feb. 11, 2004.

12. *See Stinson v. State Board of Accountancy,* Ky.App., 625 S.W.2d 589 (1981).

Thomas E. Roma, Jr., Louisville, KY, for appellants.

Cornelius E. Coryell, II, Louisville, KY, for appellee.

Before EMBERTON, Chief Judge; BARBER and COMBS, Judges.

*OPINION*

COMBS, Judge.

This was an action originally based on a breach of contract. The issue before us on appeal is whether pre-judgment interest awarded to the prevailing party should have been compounded annually. Having considered the arguments we conclude that the trial court did not abuse its discretion in this case by awarding compound interest. Thus, we affirm.

The action underlying this appeal involved a subcontract between Reliable Mechanical, Inc. ("Reliable"), and Naylor Industrial Services, Inc. ("Naylor"), for the cleaning and flushing of pipe systems that had been installed by Reliable at a stainless steel processing facility owned by North American Stainless ("NAS") in Carrollton, Kentucky. Naylor completed its work at the facility in early January 1992. However, a dispute arose among the parties, and Reliable refused to pay the contract price on its subcontract with Naylor.

Reliable filed this action against NAS on November 11, 1992. Through a series of counterclaims and cross-claims, Naylor became involved in the litigation. Naylor defended the claims asserted against it and attempted to recover payment for the services which it had provided earlier in the year. On March 8, 2000, the Carroll Circuit Court entered judgment in Naylor's favor and ordered Reliable to pay the sum of $53,750.00, the outstanding balance on the contract. The trial court also ordered Reliable to pay pre-judgment interest on that sum from February 3, 1992, to the date of the order. Reliable appealed. The court's order was eventually affirmed in all respects.

In October, 2001, Reliable tendered a check to Naylor purporting to represent the principal amount awarded together with pre-judgment interest (not compounded) and post-judgment interest (compounded annually). Naylor had expected Reliable to calculate the pre-judgment interest award by compounding the interest annually. Because of Reliable's failure to do so, the sum tendered to Naylor was $13,000.00 less than Naylor had anticipated. Naylor contested the payment, advising Reliable that it disagreed with the method of calculating the award and requested that Reliable adjust its tender. Reliable clung to its position that the pre-judgment interest award was simple interest and was not to be compounded. Following a hearing, the trial court ordered that the amount awarded to Naylor be calculated by compounding annually the pre-judgment interest awarded. This appeal followed.

Absent a contractually agreed upon rate, the appropriate rate of interest is governed by statute. KRS[1] 360.010 (setting the legal rate of interest in general) provides that the "legal rate of interest is eight (8%) percent per annum." As Reliable emphasizes, that statute is silent as to whether the interest is to be compounded. In contrast, Reliable observes that KRS 360.040 (a statute pertaining to post-judgment matters) specifically provides that a

[1]. Kentucky Revised Statutes.

"judgment shall bear twelve (12%) percent interest compounded annually from its date." However, we are not persuaded that the difference in the language of the statutes mean that KRS 360.010 prohibits the compounding of pre-judgment interest.

An award of interest is a matter entrusted to the sound discretion of the trial court. *Nucor Corp. v. General Elec. Co.*, Ky., 812 S.W.2d 136 (1991). While pre-judgment interest has traditionally been simple interest, case law does not indicate that it is required to be so.

> Interest is not recovered according to a rigid theory of compensation for money withheld, but is given in response to considerations of fairness.... [T]he tendency of the courts is to charge and allow interest in accordance with the principles of equity, to accomplish justice in each particular case.

*Id.* at 143, *citing* 47 C.J.S., *Interest and Usury*, § 6 (1982).

We agree with the trial court's conclusion that under the particular circumstances of this case, fairness justifies and indeed dictates an award of compound pre-judgment interest. Reliable has deprived Naylor of the use of the money rightfully due and owed to it for nearly eight (8) years. Arguably, Naylor would have been capable of earning compound interest on its money during this lengthy time period. We note parenthetically that commercial lending and saving institutions no longer offer simple interest rates.

An award of compound pre-judgment interest in this case does not constitute a punitive reprisal as to Reliable. Rather, it is an equitable means of recognizing the economic reality that Reliable has enjoyed a long opportunity to earn interest on the money that it wrongfully withheld from Naylor. The court's award of compounded pre-judgment interest reconciles and adjusts that inequitable result by providing to Naylor a sum that it might have earned had its money been tendered in a timely manner. Any other holding would diminish the real value of Naylor's recovery in this case. The trial court did not abuse its discretion by awarding compound pre-judgment interest.

The judgment of the Carroll Circuit Court is affirmed.

ALL CONCUR.