**UNIVERSITY OF LOUISVILLE,**
Appellant,

v.

**RAM ENGINEERING &**
**CONSTRUCTION,**
INC., Appellee.

**No. 2004–CA–001752–MR.**

Court of Appeals of Kentucky.

Nov. 18, 2005.

Discretionary Review Denied by
Supreme Court Sept. 13, 2006.

Barbara Reid Hartung, Holland N. McTyeire, V., Benjamin A. Fletcher, Angela D. Koshewa, University Counsel, Louisville, KY, for Appellant.

Robert C. Ewald, Deborah H. Patterson, Christopher W. Brooker, Louisville, KY, for Appellee.

J. Gary Bale, Frankfort, KY, for Amicus Curiae, Finance and Administration Cabinet.

Before MINTON, SCHRODER and TAYLOR, Judges.

## OPINION

SCHRODER, Judge.

The University of Louisville (the University) appeals the award of prejudgment interest in an action for a breach of contract on the grounds that the trial court did not have the authority to award prejudgment interest against a governmental entity. We opine that KRS 45A.245 waives sovereign immunity in contract actions against the state with a cap on damages of twice the original contract price. Because the cap is the only limiting factor on damages, the trial court was correct in awarding prejudgment interest and we affirm.

■ RAM Engineering & Construction, Inc., (RAM) was successful in its suit against the University for a breach of contract for the construction of part of Papa John's Cardinal Stadium. On remand, the trial court awarded $382,211.98 prejudgment interest as part of the damage award. The University appeals the prejudgment interest element of damages, contending the trial court has no authority to award prejudgment interest without an explicit waiver of the University's governmental immunity.

■ Damages for breach of a contract are normally that sum which would put an injured party into the same position it would have been in had the contract been performed. *Hogan v. Long*, 922 S.W.2d 368, 371 (Ky.1995). There are two kinds of damages for breach of contract, general and special damages. *Moss Jellico Coal Co. v. American Ry. Express Co.*, 198 Ky. 202, 248 S.W. 508, 509 (1923).

> [G]eneral damages, recoverable for a breach of contract, are such as may fairly and reasonably be considered as arising naturally—that is according to the usual course of things—from the breach of the contract itself or such as may reasonably be supposed to have been in the contemplation of the parties at the time they made the contract as the probable result of the breach ... special are such as arise where there are special circumstances attending the making of the contract and its observance would take it out of the natural and usual course of things.

*United States Bond & Mortgage Corp. v. Berry*, 249 Ky. 610, 61 S.W.2d 293, 297 (1933).

■ Interest for breach of a contract to pay a certain sum is recoverable as consequential (general) damages from the time the amount is due. *Nucor Corp. v. General Electric Co.*, 812 S.W.2d 136 (Ky. 1991). Interest can be both prejudgment and postjudgment. When damages are "liquidated," prejudgment interest follows as a matter of course. *Id.* at 141, 144. When the amount is "unliquidated," the amount of prejudgment interest, if any, is a matter for the trial court weighing the equitable considerations. *Id.* at 143, 144. *See also, General Accident Fire & Life Assurance Corp. v. Judd*, 400 S.W.2d 685 (Ky.1966). "[E]quity and justice demand that one who uses money or property of another ... should at least pay interest for its use in the absence of some agreement to the contrary." *Curtis v. Campbell*, 336 S.W.2d 355, 361 (Ky.1960) (citation omitted). "This principle applies whether or not the amount owed to another is liquidated or unliquidated." *Id.* (*citing Dalton v. Mullins*, 293 S.W.2d 470 (Ky.1956)).

■ Sovereign immunity applies to contract claims unless expressly waived by the General Assembly. Ky. Const. § 231; *Ammerman v. Board of Education of Nicholas County*, 30 S.W.3d 793 (Ky.2000).

The General Assembly waived sovereign immunity for contract actions with the enactment of KRS 45A.245.[1] The only limitation on damages is that they cannot exceed twice the original amount of the contract. KRS 45A.245(2).[2] Interest is part of general damages as a consequence of the breach. *See Nucor*, 812 S.W.2d at 143. Interest "is an equitable means of recognizing the economic reality that [the University] has enjoyed a long opportunity to earn interest on the money that it wrongfully withheld from [RAM]." *Reliable Mechanical, Inc. v. Naylor Industrial Services, Inc.*, 125 S.W.3d 856, 858 (Ky.App. 2003). The waiver of sovereign immunity does not distinguish between the types of damages but puts a cap on total damages. Likewise, there is no distinction between prejudgment interest and postjudgment interest. Therefore, the award of prejudgment interest would follow the rules of contract law, subject to the cap in KRS 45A.245(2). Consequently, the trial court did not err in ruling that it was authorized to award prejudgment interest in a contract action against an agency of the state.

For the foregoing reasons, the judgment of the Franklin Circuit Court is affirmed.

ALL CONCUR.

---

1. Part of the Model Procurement Code. *All-American Movers, Inc. v. Kentucky ex rel. Hancock*, 552 S.W.2d 679 (Ky.App.1977). *See also Foley Construction Company v. Ward*, 375 S.W.2d 392 (Ky.1963).

2. The "cap" on damages distinguishes this case from *Commonwealth, Department of Transportation, Bureau of Highways v. Lamb*, 549 S.W.2d 504 (Ky.1976), and *Powell v. Board of Education of Harrodsburg*, 829 S.W.2d 940 (Ky.App.1991), which recognized there has to be statutory or contractual authority to authorize interest even where sovereign immunity is waived.