**TECO MECHANICAL CONTRACTOR, INC., Appellant**

v.

**KENTUCKY LABOR CABINET, Commonwealth of Kentucky; Environmental & Public Protection Cabinet, Commonwealth of Kentucky; Kentucky State Building & Construction Trades Council, AFL–CIO; and Mechanical Contractors Association of Kentucky, Inc., Appellees.**

No. 2013–CA–001601–MR.

Court of Appeals of Kentucky.

Oct. 17, 2014.

Rehearing Denied Jan. 9, 2015.

Discretionary Review Denied by Supreme Court December 10, 2015.

---

David J. Guarnieri, Preston Worley, Gerry L. Calvert, Lexington, KY, for appellant.

Mark F. Bizzell, Frankfort, KY, for appellee Kentucky Labor Cabinet.

Irwin H. Cutler, Jr., Matthew P. Lynch, Louisville, KY, for appellee Kentucky

State Building and Construction Trades Council, AFL–CIO.

Before COMBS, STUMBO, and THOMPSON, Judges.

### ·OPINION

COMBS, Judge:

This case concerns the proper application of Kentucky's prevailing wage law (Kentucky Revised Statutes (KRS) 337.505–550). TECO Mechanical Contractor, Inc., appeals from an order of the Franklin Circuit Court entered July 18, 2013, and from an order of that court entered September 5, 2013, that denied its motion to alter, amend, or vacate. TECO contends that the court erred by denying its motion to vacate the award of prejudgment interest, back wages, and penalties. After our review, we affirm.

TECO is a mechanical contractor that provided contractor and subcontractor services on a number of public works projects. Pursuant to statute, contracts for these projects required TECO to pay its employees no less than the prevailing wage.[1] KRS 337.510(1). In 2001, several TECO employees contacted the Kentucky Labor Cabinet and alleged that TECO had failed to pay them the prevailing wages for the work that they had performed. The employees asserted that TECO had paid them according to a formula under which it classified them as lower paid, general laborers for a fixed number of hours and as higher paid, skilled laborers for a fixed number of hours—regardless of the actual time spent working in each classification.

The Cabinet investigated the employees' claims. After it audited TECO's wage rec-ords from the projects in question, the Cabinet issued ten notices of violation to TECO and demanded that it pay back wages of $150,781.82 to its employees. TECO disputed the Cabinet's determination and, following further investigation, the Cabinet reduced the amount of back wages owed to $77,571.69. Two of the employees eventually withdrew their claims against TECO, and the Cabinet further reduced its calculation of back wages to $63,494.21.

In December 2004, after a period of additional investigation and negotiation, the Cabinet advised TECO that it would compromise its position if TECO would agree to pay to its employees $47,620.65 in back wages and an additional $4,000.00 in civil penalties. TECO declined the offer. The Cabinet then contacted the prime contractors on the public works projects and demanded that they pay the back wages allegedly owed to TECO employees.

On March 30, 2005, TECO filed a complaint and petition for declaration of rights against the Cabinet in Franklin Circuit Court. TECO contended that the prevailing wage law violates due process requirements by authorizing the Cabinet to assess back wages and civil penalties without a hearing. TECO also argued that the prevailing wage law fails to specify how workers should be classified and, as a result, improperly delegates legislative or judicial authority to the Cabinet. The Cabinet responded by asserting counterclaims against TECO and by filing cross-claims against the prime contractors.

TECO filed a motion for summary judgment on both of its constitutional claims. The circuit court concluded that the prevailing wage law did not violate

---

1. Prevailing wage rates for each classification of construction workers are established by the Kentucky Labor Cabinet. KRS 337.520(1). The rates are incorporated into every public authority's bid documents and project specifications so that contractors bidding on the project are aware of the wage rates and can properly project their labor costs.

due process requirements and that it did not provide for an improper delegation of legislative or judicial authority to the Cabinet. Consequently, it denied TECO's motion for summary judgment. Following a bench trial on the Cabinet's counterclaims, the court rendered a judgment against TECO for $64,163.47 in back wages and $9,000.00 ($750 for each of the twelve employees who testified) in civil penalties. The judgment was entered in 2008. TECO appealed that judgment.

On appeal, we affirmed the circuit court's adverse ruling on TECO's constitutional claims. However, with regard to the Cabinet's counterclaims, we concluded that the circuit court had applied the incorrect standard of review and that it had improperly admitted hearsay evidence at trial.[2] Accordingly, we vacated the trial court's judgment and remanded for appropriate findings using the proper standard of review and omitting the hearsay evidence.

On remand, the circuit court reconsidered the evidence *de novo*. It specifically excluded from consideration the challenged hearsay—audit sheets prepared by the Cabinet on behalf of employees who did not testify. It also independently reviewed for reasonableness the Cabinet's method of classifying the disputed work activities. The circuit court evaluated the Cabinet's decision to consider all the time that a skilled worker spent actually performing his trade *plus any time spent preparing for or cleaning up after the job*—"work incident to trade." The court construed the Cabinet's decision as supporting compensation at the skilled laborer rate and found it to be wholly reasonable. It also held that the Cabinet had proven by a preponderance of the evidence that

TECO had violated Kentucky's prevailing wage law by arbitrarily splitting its employees' work hours between a skilled and unskilled pay rate in using a predetermined formula. Omitting from consideration the hearsay evidence, the circuit court adjusted its judgment against TECO to $54,164.27 in back wages and $5,250.00 ($750 for each of the seven employees who testified) in civil penalties. It also awarded prejudgment interest from December 2004. Its order was entered on July 18, 2013.

TECO filed a motion to alter, amend, or vacate. It argued that the court's award of prejudgment interest pursuant to the provisions of KRS 360.010 was inequitable since the court had initially awarded only statutory interest from the date of entry of its first order. It also contended that the wage audit sheets prepared by the Cabinet for each of the complaining witnesses were inaccurate and should not have been relied upon as competent evidence of wages earned. TECO requested additional findings of fact. The circuit court rejected both arguments and denied the motion. This appeal followed.

On appeal, TECO contends that the circuit court erred: by failing to conduct a new trial; by finding that TECO had violated the prevailing wage provisions; by considering incompetent evidence; by accepting the Cabinet's work-incident-to-trade method of computing employee pay rates; and by awarding pre-judgment interest on the employees' back wages. We shall consider each of these issues in the order in which it was presented.

TECO contends that the circuit court should have granted a new trial on remand since it was impossible for the trial court

2. TECO sought discretionary review of our ruling concerning its constitutional claims. Upon review, the Supreme Court of Kentucky affirmed. Neither TECO nor the Cabinet sought discretionary review of our ruling regarding the Cabinet's counterclaims.

to re-examine the evidence of record *de novo* to determine the appropriate rate of pay and the proper method of classifying the work done by the complaining employees. It argues that at a minimum, the trial court should have reopened the matter for additional evidence and testimony. We disagree.

In our opinion remanding, we observed as follows:

> [I]t appears from the trial court's judgment that it reviewed this matter for an abuse of discretion by the Cabinet. If the Act provided for and/or if TECO had received a hearing at the administrative level, then the trial court's use of the abuse of discretion standard of review would have been appropriate. However, as noted above, that is not the case herein. While the Cabinet did conduct a thorough investigation, which included interviewing a number of TECO employees, there is no indication that TECO received a full hearing at the Cabinet level. The first full hearing TECO received was before the trial court. As such [*sic*], the trial court should have reviewed this matter *de novo,* as it would any other civil matter before it. Thus the trial court was required to judge the credibility of witnesses and to independently weigh the evidence. Because we cannot confidently discern whether the trial court reviewed this matter *de novo,* we must remand to the trial court for findings under the appropriate standard of review. Note, we are not directing the trial court what conclusion it should reach. We are simply instructing the trial court to re-weigh the evidence using the appropriate standard. After doing so, the trial court may or may not reach the same conclusion regarding the Cabinet's counterclaims.

Opinion at 21–23 (citations omitted).

TECO contends that our decision required the circuit court to make an independent determination as to what work was actually performed by TECO employees and that this determination could only be made upon hearing evidence in a new trial. We disagree. In our previous opinion, we held that TECO had received a full and fair hearing before the trial court. We directed the trial court only to reweigh the evidence of record in light of the proper standard of review. Nothing more was compelled—or indeed permitted—by our decision.

■ Next, TECO contends that the trial court erred by finding that TECO had misclassified and underpaid the seven testifying employees in violation of the prevailing wage statutes. It asserts that the evidence was insufficient to support such a finding. We cannot agree.

The evidence of record was more than sufficient to demonstrate that TECO had violated Kentucky's prevailing wage law. As noted in our previous opinion, the Cabinet presented live testimony of seven former TECO employees. These witnesses testified that they were often paid at the general laborer rate when performing skilled work. The witnesses who testified about the completion of their time cards indicated that they were told to list a certain number of hours as skilled work and a certain number of hours as general labor—*regardless* of the *actual time* spent performing each type of work. Based upon this evidence, in part, the trial court concluded that TECO had violated prevailing wage standards. The evidence was wholly sufficient to justify the conclusion. There was no error.

■ Next, TECO contends that the trial court erred by considering incompetent evidence, specifically, the numerous wage audit sheets prepared by the Cabinet during its investigation of the employees' claims.

At trial, TECO objected to the admission of the wage audit sheets related to employees who were not listed as witnesses since the audit sheets contained information derived from employee interviews that would constitute hearsay. Upon our initial review, we agreed that the audit forms amounted to inadmissible hearsay as to the employees who were not called to testify. However, we directly noted that any hearsay concerns inherent in the audit forms prepared for employees who *did* testify at trial were cured by the testimony of those employees and the investigators. We specifically authorized the trial court's consideration of the unchallenged audit sheets in our initial opinion.

The law of the case doctrine is "an iron rule, universally recognized, that an opinion or decision of an appellate court in the same cause is the law of the case for a subsequent trial or appeal...." *Union Light, Heat & Power Co. v. Blackwell's Adm'r*, 291 S.W.2d 539, 542 (Ky.1956). That doctrine is the mechanism by which matters once litigated and finally determined remain so. We held in our previous opinion that the unchallenged audit sheets could properly be considered by the trial court. We are precluded from reconsidering that decision at this juncture.

Next, TECO argues that the trial court erred by applying the work-incident-to-trade method of computing employee pay rates. TECO contends that the method is contrary to law, industry practice, the technical specifications for the public works projects, and the treatises relied upon by the Cabinet. However, our review indicates that the trial court fully and fairly analyzed the issue in accordance with our directive on remand based upon the evidence before it.

In our initial opinion, we concluded that the trial court had erred by deferring to the Cabinet's use of the work-incident-to-trade method to classify employees. Consequently, we directed the court upon remand to review, *de novo*, the issue of whether the Cabinet's use of this method of classification was reasonable.

Upon remand, the trial court conducted its review *de novo* and was persuaded that the Cabinet's position was reasonable. The trial court was convinced that when an employee undertakes work incidental to his skilled labor, the incidental work is so intertwined with the skilled labor that it ought to be compensated at the *skilled* rate as opposed to the *laborer* rate. The trial court's judgment cannot be disturbed on this basis.

Finally, TECO contends that the trial court erred by ordering pre-judgment interest on the back wages awarded. Again, we disagree.

In its order entered July 18, 2013, the trial court cited to our decision in *Reliable Mechanical, Inc. v. Naylor Industrial Services, Inc.*, 125 S.W.3d 856, 858 (Ky.App.2003), and concluded that:

> an award of compound prejudgment interest in this case does not constitute a punitive reprisal ... [r]ather it is an equitable means of recognizing the economic reality that [TECO] has enjoyed a long opportunity to earn interest on the money that it wrongfully withheld.

On appeal, TECO's primary claim is that since prejudgment interest was not awarded by the court in its 2008 judgment and the Cabinet did not then appeal the failure to award prejudgment interest, the award is not justified now and that the Cabinet either waived the issue or prejudgment interest is barred by the law-of-the-case doctrine. Alternatively, TECO argues that since the amount of damages was unliquidated, prejudgment interest is not warranted. We disagree with both of these contentions.

Regardless of the trial court's silence with respect to an award of prejudgment interest in its initial judgment entered in 2008, the original award made pursuant to the Cabinet's counterclaims was vacated. Moreover, no ruling on the issue of prejudgment interest was either implicated or considered in reaching our decision on the merits of TECO's claims on appeal. On remand, the trial court concluded that the equities had plainly shifted in favor of an award of prejudgment interest since the "employees whose wages were wrongfully withheld have been waiting for almost a decade to receive the compensation owed." Order Denying Motion to Alter, Amend or Vacate, September 5, 2013.

An award of prejudgment interest in this matter was an issue properly entrusted to the sound discretion of the trial court. *Nucor Corp. v. General Elec. Co.*, 812 S.W.2d 136 (Ky.1991). While prejudgment interest may or may not have been appropriate to the original award in this case, it may well have been appropriate to the trial court's revised award. Under these circumstances, instead of being the law of the case, an award of prejudgment interest was properly considered anew on remand. Exercising its considerable discretion, the trial court concluded that the equities now dictated the propriety of an award of prejudgment interest. The trial court did not abuse its discretion by concluding that fundamental issues of fairness justified an award of prejudgment interest.

The judgment of the Franklin Circuit Court is affirmed.

ALL CONCUR.