RENDERED:  FEBRUARY 4, 2022; 10:00 A.M.
TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-0634-MR

JAY HARTZ, IN HIS OFFICIAL
CAPACITY AS DIRECTOR
OF THE LEGISLATIVE RESEARCH
COMMISSION                                                                          APPELLANT


                        APPEAL FROM FRANKLIN CIRCUIT COURT
v.                      HONORABLE PHILLIP J. SHEPHERD, JUDGE
                        ACTION NO. 18-CI-00512


MCCLATCHY COMPANY, LLC                                          APPELLEE


                                OPINION
                                AFFIRMING

                            ** ** ** ** **

BEFORE:   LAMBERT, MAZE, AND L. THOMPSON, JUDGES.

THOMPSON, L., JUDGE:  Jay Hartz, in his official capacity as director of the

Legislative Research Commission ("Appellant" or "LRC") appeals from an

opinion and order granting summary judgment in favor of McClatchy Company,

LLC ("Appellee"), and from an order granting Appellee's motion for attorney fees. For the reasons addressed below, we find no error and affirm the orders on appeal.

**FACTS AND PROCEDURAL HISTORY**

On March 9, 2018, Appellee,[1] through its employee, Daniel Descrochers, sent an open records request to the records custodian of the LRC. Descrochers sought records of a complaint made by an LRC staffer against Representative Jim Stewart III on February 6, 2015, along with records of any meetings held with Stewart on February 9, 2015, and any agreement stating that Stewart was to have no contact with the staffer.

On March 14, 2018, LRC General Counsel Greg Woosley denied the open records request based on Kentucky Revised Statute ("KRS") 61.878(1)(a), (h), (i), and (j), and Section 43 of the Kentucky Constitution. Specifically, the LRC claimed that the records were not subject to release because they would constitute an unwarranted invasion of privacy, would constitute a premature disclosure of an internal investigation, and would improperly disclose preliminary drafts, notes, and recommendations. About two weeks later, Appellee sent a second request to Mr. Woosley stating that in response to the issue of invasion of

---

[1] The current parties have been substituted for the original parties. Jay Hartz succeeded David Byerman as director of the Legislative Research Commission. McClatchy Company, LLC is now the parent company of the Lexington Herald-Leader.

privacy, it would accept redacted documents concealing the name of the staffer. The LRC did not respond to this request.

Appellee sent another letter to the LRC on April 12, 2018, asking it to review the denial of the first request and lack of response to the second request. After no response was received, Appellee filed a complaint on May 14, 2018, with the Franklin Circuit Court pursuant to KRS 7.119(3).[2] On that same day, the LRC issued a decision affirming then-director David Byerman's decision denying disclosure of the requested records.

The matter proceeded in Franklin Circuit Court, whereupon Byerman filed a motion to dismiss. Byerman asserted the defense of legislative immunity under Section 43 of the Kentucky Constitution and the common law, as well as additional bases for the dismissal. Byerman argued that Appellee's complaint alleged that any requested records were gathered during a session of the General Assembly and in furtherance of a legislative branch investigation into a legislator's conduct pursuant to Section 39 of the Kentucky Constitution. Further, Byerman maintained that KRS 7.119(3) did not operate as an express waiver of legislative immunity.

---

[2] KRS 7.119 was amended effective June 29, 2021, which, among other changes, eliminated the right of review before the Franklin Circuit Court. As discussed below, the amended version of KRS 7.119 does not have retroactive application. Accordingly, we will apply the version of KRS 7.119 that existed at the time of the filing of the complaint.

A hearing on the motion was conducted on August 22, 2018. On November 13, 2018, the Franklin Circuit Court entered an order denying the motion to dismiss. Judge Shepherd determined that the requested records did not fall within the narrowly defined legislative immunity afforded the General Assembly during the process of considering, passing, or rejecting legislation. The circuit court also ruled that though legislative immunity might shield the LRC from judicial scrutiny, the General Assembly expressly waived its immunity by enacting KRS 7.119(3), KRS 61.880, and KRS 61.882.

After the denial of Appellant's motion to dismiss, Appellant filed with this Court a petition for a writ of prohibition. The petition was denied by way of an order rendered on February 7, 2019. The panel of this Court determined that KRS 7.119(3) specifically states that the Open Records Act[3] applies to legislative records with the exception of KRS 61.880(3).

Appellant appealed the denial of the petition to the Kentucky Supreme Court, which affirmed.[4] The Court found that the Opens Records Act applied, with some exceptions, to the legislative record, and rejected Appellant's contention that the circuit court's jurisdiction over this case violated the separation of powers doctrine.

---

[3] KRS 61.870 *et seq.*

[4] *Harilson v. Shepherd*, 585 S.W.3d 748 (Ky. 2019).

At about the same time it was seeking the writ of prohibition, Appellant filed an appeal to this Court from the Franklin Circuit Court's denial of Appellant's claim of legislative immunity.[5] On November 22, 2019, a panel of this Court held that by establishing a mechanism for seeking open records and providing for judicial review of adverse decisions of the director and the LRC, the General Assembly waived legislative immunity under the instant facts. It sustained the circuit court's determination that even if legislative immunity applied to a legislative staffer on non-legislative matters, such immunity was statutorily waived. Appellant's motion for a rehearing was denied. The Kentucky Supreme Court denied discretionary review on August 13, 2020.

On September 4, 2020, Appellee asked the Franklin Circuit Court to conduct an *in camera* review of the documents at issue, with the complainant's name redacted. It also moved for summary judgment. In response, Appellant moved for summary judgment arguing again that legislative immunity barred Appellee's claim.

On December 7, 2020, the circuit court entered an opinion and order granting Appellee's motion for summary judgment and denying Appellant's motion for summary judgment. In ruling on the motions, the court determined that

---

[5] *Harilson v. Lexington H-L Services, Inc.*, 604 S.W.3d 290 (Ky. App. 2019), *discretionary review denied* (Aug. 13, 2020).

-5-

1) this case does not present a nonjusticiable political question; 2) the separation of powers doctrine does not bar the Franklin Circuit Court from adjudicating the issues presented; 3) disclosure of the requested records does not interfere with the legislative powers under Section 39 of the Kentucky Constitution; 4) Section 43 of the Kentucky Constitution does not shield disclosure; 5) General Assembly policy is not controlling; 6) redaction cures the personal privacy exception in KRS 61.878; 7) the records are not exempt as administrative adjudication or preliminary documents; and 8) the documents do not invoke the attorney-client privilege or the work-product doctrine. Appellant was directed to produce the documents, with any identifiers of the complaining witness redacted, within 10 days of the judgment.

Thereafter, Appellee moved for an award of its attorney fees and costs, and for the statutory penalty authorized by KRS 61.882(5). By way of an order entered on May 28, 2021, the circuit court awarded attorney fees and costs to Appellee, and denied the statutory penalty. Appellant now appeals from the opinion and order granting summary judgment,[6] and from the order granting Appellee's motion for attorney fees.[7]

---

[6] Appellee states that Appellant produced the documents at issue shortly after entry of the summary judgment on appeal.

[7] The December 7, 2020 opinion and order granting summary judgment was not made final and appealable, as the court gave the parties 10 days to file post-judgment motions. Appellee filed its motion for attorney fees during that interval. The opinion and order granting summary judgment

-6-

## STANDARDS OF REVIEW

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, stipulations, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Kentucky Rules of Civil Procedure (CR) 56.03. "The record must be viewed in a light most favorable to the party opposing the motion for summary judgment and all doubts are to be resolved in his favor." *Steelvest, Inc. v. Scansteel Service Center, Inc.*, 807 S.W.2d 476, 480 (Ky. 1991). Summary judgment should be granted only if it appears impossible that the nonmoving party will be able to produce evidence at trial warranting a judgment in his favor. *Id.* "Even though a trial court may believe the party opposing the motion may not succeed at trial, it should not render a summary judgment if there is any issue of material fact." *Id.* Finally, "[t]he standard of review on appeal of a summary judgment is whether the trial court correctly found that there were no genuine issues as to any material fact and that the moving party was entitled to judgment as a matter of law." *Scifres v. Kraft*, 916 S.W.2d 779, 781 (Ky. App. 1996).

---

was subsequently incorporated into the April 29, 2021 order granting attorney fees in favor of Appellee, at which time both orders were designated as final and appealable. Appellant's notice of appeal, tendered on May 28, 2021, was therefore timely.

We will not disturb an award of attorney fees pursuant to KRS 61.882(5) unless the award is clearly erroneous. *Cabinet for Health and Family Services v. Courier-Journal, Inc.*, 493 S.W.3d 375, 385 (Ky. App. 2016).

## ARGUMENTS AND ANALYSIS

Appellant first argues that the Franklin Circuit Court erred in failing to rule that the General Assembly's policy regarding its records presents a nonjusticiable political question. After noting that Section 39 of the Kentucky Constitution grants the General Assembly rule-making authority and plenary power over member conduct, Appellant directs our attention to *Bevin v. Commonwealth ex rel. Beshear*, 563 S.W.3d 74, 83 (Ky. 2018), for the proposition that the General Assembly has explicit power to make its own rules for its own proceedings. Appellant cites *Des Moines Register and Tribune Company v. Dwyer*, 542 N.W.2d 491, 495 (Iowa 1996), and *State v. Beno*, 341 N.W.2d 668, 679 (Wis. 1984), in support of its claim that General Assembly member discipline is well within the regular course of the legislative process, and that a challenge to a legislative policy exempting records related to the legislative process is a nonjusticiable political question. Appellant seeks an opinion reversing the summary judgment on this issue and remanding the matter with directions to dismiss the action with prejudice.

In the examining this argument, the Franklin Circuit Court recognized that if a case presents a political question, the judiciary is barred from considering issues which are constitutionally bound to the Legislature. *Japan Whaling Ass'n v. American Cetacean Soc'y*, 478 U.S. 221, 230, 106 S. Ct. 2860, 2866, 92 L. Ed. 2d 166 (1986). The court then determined that the cases cited by Appellant were distinguishable from the instant facts. *Beno*, it found, dealt with a subpoena to compel the production of documents, and *Des Moines Register* addressed Senate phone call records. Neither case involved a legislative grant of judicial authority to review and interpret the applicable open records laws as in the matter at bar. Ultimately, the Franklin Circuit Court determined that while the General Assembly has the authority to adopt its own open records policy, it has chosen to apply the Open Records Act to itself and to grant to the judiciary the right of review from a denial of an open records request. It concluded that Appellant cannot reasonably argue that judicial review of an LRC decision is a nonjusticiable political question, when the General Assembly itself enacted the statute providing for judicial review. Having closely studied the record and the law, and with the benefit of three prior appellate reviews sustaining Appellee's action, we conclude that there is no genuine issue as to any material fact and that Appellee is entitled to a judgment as a matter of law on this issue.

Appellant next argues that Appellee's request to have the judicial branch compel disclosure of legislative branch records is barred by the separation of powers doctrine.[8] Directing our attention to *Legislative Research Commission By and Through Prather v. Brown*, 664 S.W.2d 907, 912 (Ky. 1984), and the extra-jurisdictional case of *Mecham v. Gordon*, 751 P.2d 957, 963 (Ariz. 1988), Appellant asserts that where authority is granted to the legislative branch, the separation of powers doctrine prevents the judiciary from intervening in the legislative process in any way. He also argues that the doctrine must be strictly construed. While acknowledging that this argument was raised before and adjudicated by the Kentucky Supreme Court in the appeal from this Court's denial of Appellant's petition for a writ of prohibition, *see Shepherd*, 585 S.W.3d at 757, Appellant contends that the separation of powers argument he now asserts fundamentally differs from the one he made before the Kentucky Supreme Court. He asks us to reverse the grant of summary judgment on this issue and dismiss Appellant's complaint.

In *Shepherd*, *supra*, the Kentucky Supreme Court wholly rejected Appellant's separation of powers argument. Lest there be any confusion regarding the scope of the Kentucky Supreme Court's ruling on this issue, the Court's opinion stated in bold print the subject heading, "**The Trial Court Does Not Lack**

---

[8] KY. CONST. § 28.

**Jurisdiction Based on the Separation of Powers Doctrine**[.]" *Shepherd*, 585 S.W.3d at 757 (emphasis in original). This holding was unequivocal. The Court went on to explicate its reasoning for this conclusion, which we need not repeat herein. Further, we are not persuaded by Appellant's contention that the separation of powers argument raised before the Kentucky Supreme Court (which centered on Appellant's assertion that he was entitled to a writ of prohibition) was fundamentally different from his instant argument (which focuses on the Legislature's constitutional rule-making authority). In rejecting Appellant's separation of powers argument, the Kentucky Supreme Court left no room for future litigation of the same issue. *See TECO Mechanical Contractor, Inc. v. Kentucky Labor Cabinet*, 474 S.W.3d 153, 158 (Ky. App. 2014) (recognizing an "iron rule" that a decision of an appellate court in the same case is "the law of the case" in a subsequent appeal).

Appellant's third argument is that inherent in KY. CONST. § 39 is the legislative power to determine what records are disclosed. Appellant asserts that contrary to the judicial authority set out in KY. CONST. § 121, which requires "rules of procedure to be established" to remove judges from the bench, the disciplinary power of the General Assembly is not subject to the establishment of any formal rules under KY. CONST. § 39. Appellant argues that the plain language of Section 39 does not limit the legislative authority to investigate and govern member

-11-

conduct in any way nor prescribe any rules of procedure or a records disclosure policy. As the specific rule adopted by the House concerning records instructs the director to implement a policy utilized in the case, Appellant contends that summary judgment on this issue was improperly rendered.

Again, this argument was addressed and rejected by the Kentucky Supreme Court. It stated that, "[a]lthough [the] LRC appears to argue otherwise, the fact that the General Assembly may have adopted different record disclosure rules than the Court of Justice does not present a separation of powers issue." *Shepherd*, 585 S.W.3d at 759 n.16. The Franklin Circuit Court properly found that Appellee's open records request pursuant to KRS 7.119 does not in any way impede the General Assembly's authority to investigate or discipline member misconduct. As has been noted repeatedly throughout this action by the Franklin Circuit Court, this Court, and the Kentucky Supreme Court, the General Assembly voluntarily and within the exercise of its constitutional authority enacted KRS 7.119 for the purpose of addressing its disclosure of public documents. Having done so, Appellant cannot reasonably argue that the provisions of the Act infringe upon the General Assembly's constitutional authority.

For the same reason, we are not persuaded by Appellant's argument that KY. CONST. § 43 operates to shield disclosure of the documents at issue. Kentucky Constitution § 43 states, "[t]he members of the General Assembly shall

. . . be privileged from arrest . . . and for any speech or debate in either House they shall not be questioned in any other place." Again, a panel of this Court addressed the claim of legislative immunity as to the documents at issue in holding that "the General Assembly nonetheless expressly waived legislative immunity as to open records requests submitted to the LRC." *Lexington H-L Services, Inc.*, 604 S.W.3d at 293.

In a related argument, Appellant asserts that an amendment made to KRS 7.119, effective June 29, 2021, expressly repudiates Appellee's claim that KRS 7.119 waives legislative immunity.[9] He directs our attention to KRS 7.119(7), which now states:

> [n]othing in this section shall be construed as a waiver or diminishment of any constitutional, common law, or statutory defenses, privileges, or immunities that may apply to any member of the General Assembly, legislative staff, legislative agency or entity, or any other member or employee of the legislative branch.

Further, the following language was added to KRS 7.119(4), which states:

> [i]f a request for records in the custody of the Legislative Research Commission or the General Assembly not described in subsection (2) of this section or in KRS 7.117 is made to the director of the Legislative Research Commission, those records shall not be subject to disclosure. A request for review of the denial of the disclosure shall be made to the Legislative Research Commission, which shall issue its decision within thirty (30) days of the first scheduled meeting held following

---

[9] 2021 Ky. Acts ch. 160, § 6, H.B. 312 (as codified at KRS 7.119(4) and (7)).

receipt of the request for review. That decision shall be final and unappealable.

And finally, KRS 7.119(2) provides:

[a]s used in subsection (1) of this section, "records" includes bills and amendments introduced in the Senate or House of Representatives, Senate and House Journals, Acts of the General Assembly, roll call votes, final reports of committees, Kentucky Administrative Regulations, documents showing salary and expenses paid to members of the General Assembly and all employees of the legislative branch, contracts, receipts and work orders for repairs or renovations to legislative offices or facilities, items cataloged in the legislative library, the Legislative Record, and informational and educational materials offered by the public information office, including legislative videotapes and photographs, calendars, and meeting notices.

Appellant argues that taken in concert, these provisions make it clear that records of the type sought by Appellee are outside the scope of KRS 7.119.

This amendment was enacted long after Appellee's action accrued, and some six months after the entry of the orders on appeal; therefore, it was not addressed by the Franklin Circuit Court. Further, KRS 446.080(3) states that, "[n]o statute shall be construed to be retroactive, unless expressly so declared." "Kentucky law prohibits the amended version of a statute from being applied retroactively to events which occurred prior to the effective date of the amendment unless the amendment expressly provides for retroactive application." *Utility Management Group, LLC v Pike County Fiscal Court*, 531 S.W.3d 3, 9 (Ky. 2017)

(citation omitted). The amended version of KRS 7.119 does not expressly provide for retroactive application; therefore, it cannot be applied to Appellee's claim.

Appellant's sixth argument is that the General Assembly, through the LRC, has a policy of making records confidential and not subject to disclosure. He contends that the LRC has a long history of protecting confidential records, especially to protect the privacy of affected individuals. Woven into this argument is his claim that attorney-client privilege and the attorney work-product doctrine operate to shield the requested documents from Appellee's open records request. As applied herein, Appellant argues that the longstanding General Assembly policy protecting personnel privacy coupled with the attorney-client privilege and attorney work-product doctrine require reversal of the summary judgment on appeal.

Appellant has cited no authority for the proposition that a policy of the General Assembly, even if longstanding, may supplant the clear language of KRS 7.119 as it existed at the time Appellee's action accrued. Similarly, though LRC general counsel Laura Hendrix may have been involved in investigating Appellant's complaint, there is no basis for concluding that the requested records implicate the attorney-client privilege nor are subject to the attorney work-product doctrine.

-15-

Finally, Appellant argues that because the LRC's denial of Appellee's request was not "willful" for purposes of KRS 61.882(5), the Franklin Circuit Court erred in awarding attorney fees under the statute. It states that,

> [a]ny person who prevails against any agency in any action in the courts regarding a violation of KRS 61.870 to 61.884 may, upon a finding that the records were willfully withheld in violation of KRS 61.870 to 61.884, be awarded costs, including reasonable attorney's fees, incurred in connection with the legal action. If such person prevails in part, the court may in its discretion award him costs or an appropriate portion thereof. In addition, it shall be within the discretion of the court to award the person an amount not to exceed twenty-five dollars ($25) for each day that he was denied the right to inspect or copy said public record. Attorney's fees, costs, and awards under this subsection shall be paid by the agency that the court determines is responsible for the violation.

KRS 61.882(5).

In examining this issue, the Franklin Circuit Court determined that there was no constitutional nor other lawful basis for the LRC's withholding of the requested documents from Appellee. As such, the court found the LRC's noncompliance with Appellee's request to be a "willful" withholding for purposes of KRS 61.882(5). The record and the law support a finding "that the records were willfully withheld[.]" *Id*. Accordingly, the award of attorney fees was not clearly erroneous. *Courier-Journal, Inc.*, *supra*. We find no error.

## **CONCLUSION**

The General Assembly's records policy does not present a nonjusticiable political question, as the General Assembly enacted KRS 7.119 for the express purpose of disclosing such records. Appellee's request to have the judiciary compel disclosure of legislative records is not barred by the Separation of Powers doctrine. Neither Section 39 nor Section 43 of the Kentucky Constitution shield disclosure of the documents, and the amended version of KRS 7.119 does not have retroactive application. The General Assembly's policy of nondisclosure does not supplant its enactment of KRS 7.119, and the facts do not implicate the attorney-client privilege nor the attorney work-product doctrine. And finally, the award of attorney fees and costs pursuant to KRS 61.882(5) was not clearly erroneous. For these reasons, we affirm the summary judgment and award of attorney fees of the Franklin Circuit Court.

MAZE, JUDGE, CONCURS.

LAMBERT, JUDGE, CONCURS IN PART, DISSENTS IN PART, AND FILES SEPARATE OPINION.

LAMBERT, JUDGE, CONCURRING IN PART AND DISSENTING IN PART: I concur with the presiding Judge's Opinion with the exception of awarding attorney's fees to the Appellee, to which I respectfully dissent.

BRIEFS FOR APPELLANT:

Gregory A. Woosley
Frankfort, Kentucky

BRIEF FOR APPELLEE:

Thomas W. Miller
Elizabeth C. Woodford
Lexington, Kentucky